**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MING WANG,

Petitioner,

v.

ERNESTO SANTACRUZ, et al.,

Respondents.

**CASE NO.** 5:26-CV-04752-CTS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

On August 20, 2026, Petitioner Ming Wang ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally id*.) On August 26, 2026, Respondents filed an Answer to the Petition. (Ans., ECF No. 9.) On August 28, 2026, Petitioner filed his Reply. (Rep., ECF No. 10.) For the reasons set forth below, the Court GRANTS the Petition and ORDERS that Petitioner be released immediately.

## II. BACKGROUND

The Petition alleges that Petitioner is a native and citizen of China who entered the United States on September 14, 2024, as a B-2 nonimmigrant visitor for pleasure. (Pet. ¶¶ 1, 3.[1]) While in the United States, Petitioner pursued immigration relief by filing an affirmative Form I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.* at ¶ 3.) Petitioner obtained employment authorization and resided openly at a fixed address. (*Id.*) On July 28, 2026, ICE arrested Petitioner at Los Angeles International Airport where Petitioner had been traveling under his true identity. (*Id.* at ¶ 5.) DHS charged Petitioner as removable and detained him under 8 U.S.C. § 1226(a). (Pet. ¶ 6.) Petitioner requested custody redetermination and, on August 11, 2026, the Adelanto Immigration Court conducted bond proceedings. (*Id.*) At the bond hearing, Petitioner submitted documentary evidence demonstrating that he had a fixed address in La Puente, California, had employment available to him, possessed meaningful ties to the community, and had a willing U.S. Citizen sponsor who was financially stable. (*Id.* at ¶ 9.) The Immigration Judge ("IJ") denied bond and ordered Petitioner's continued detention, stating:

> So I do take notice of the multiple BIA decisions regarding flight risk that have come out over the past year or so, highlighting the need for a fixed address, ties to the community, sponsorship included. Also some showing that relief is not more than speculative. Counsel, on this record, the court is going to find that the respondent has not met his burden of proof regarding flight risk. The court will deny the request for bond.

(Ans. Ex. A, ECF No. 9-1, at 7.)

The Answer attaches the transcript of Petitioner's August 11, 2026 bond hearing, but neither disputes the Petition's allegations nor provides any additional

---

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

facts. (*See generally* Ans.)

## III. DISCUSSION

Petitioner challenges the constitutional sufficiency of the IJ's August 5, 2026 bond determination. (Pet. ¶¶ 98–141.) He seeks declaratory relief and immediate release. (*Id.* at 24.) Respondents contest Petitioner's right to relief on a single narrow ground -- that Petitioner must seek review of his bond hearing through the Board of Immigration Appeals ("BIA") rather than this Court. (Ans. 2–4.)

### A. **The Court Has Jurisdiction To Review the Immigration Judge's June 2026 Denial of Bond for Abuse of Discretion.**

The Petition is brought pursuant to 28 U.S.C. § 2241, which extends the writ of habeas corpus to individuals "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A challenge to a noncitizen's detention is an attack on that detainee's present physical confinement, and thus falls within the "core of habeas" as a cognizable habeas petition. *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024) (holding that petition challenging alien's detention without bond hearing fell within the "core of habeas"); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (noting that the court would have jurisdiction under § 2241 to consider errors of law in immigration proceedings, including due process violations). Thus, courts in this district have found that habeas jurisdiction exists over petitions filed by noncitizens in the custody of ICE. *E.g.*, *Karangolian v. Marin*, No. 5:26-CV-594-WLH (RAO), 2026 WL 1082312, at *2 (C.D. Cal. Apr. 16, 2026) ("Petitioner seeks review of the legality of his detention. . . . Accordingly, as other courts in this Circuit have found in similar cases, the Court has jurisdiction to hear Petitioner's claims that his detention is unlawful under 28 U.S.C. § 2241.").

///

Respondents point to 8 U.S.C. § 1252(a)(5) and(b)(9) to support their argument that Petitioner's sole remedy lies with the BIA. (Ans. 2.) Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien . . . shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Section 1252(a)(5) prescribes the vehicle for judicial review: "[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Though the Answer does not devote much space to developing the argument, Respondents' contention appears to be that these subsections, taken together, prevent the federal district courts from hearing any claims related to the removal process, and prevent review by the circuit courts until after there is a final order of removal. (Ans. 2–3.)

However, the Supreme Court has held that Section 1252(b)(9) is a narrow and targeted provision. "Section 1252(b)(9) bars review of claims arising from 'action[s]' or 'proceeding[s] brought to remove an alien.'" *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 19 (2020). That section "'does not present a jurisdictional bar' where those bringing suit 'are not asking for review of an order of removal,' 'the decision . . . to seek removal,' or 'the process by which . . . removability will be determined.'" *Id.* (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (six justices, writing separately, finding that Section 1252(b)(9) does not impact jurisdiction over claims by petitioners challenging detention during immigration proceedings without bond hearings)).

Here, Petitioner challenges only his detention during the pendency of his removal proceedings; he is "not asking for review of an order of removal, the decision . . . to seek removal, or the process by which . . . removability will be determined." *Regents of the Univ. of California*, 591 U.S. at 19 (internal quotations

omitted). Thus, Section 1252(b)(9) does not bar this Court from reviewing Petitioner's claim. *See, e.g.*, *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *3 (C.D. Cal. Sept. 8, 2025) (finding that Section 1252(b)(9) was not a jurisdictional bar to foreign nationals challenging detention without bond hearing and noting that "[t]he Supreme Court determined that the 'arising from' language of section 1252(b)(9) should not be interpreted so expansively as to include any action that technically follows the commencement of removal proceedings, because that would bar judicial review of questions of law and fact that are unrelated to the removal proceeding until a final order of removal was issued"); *Benitez v. Noem*, No. 5:25-cv-02190-RGK-AS, 2025 U.S. Dist. LEXIS 171945, at *6 (C.D. Cal. August 26, 2025) (finding that Section 1252(b)(9) does not present jurisdictional bar to noncitizens challenging detention pending removal without bond hearings and noting that "[t]he Supreme Court has held that Section 1252(b)(9) does not present a jurisdictional bar in a case involving a noncitizen's challenge to his continued detention without a bond hearing pending his removal from the United States").

### B. <u>Petitioner Was Not Required to Exhaust His Administrative Remedies.</u>

Administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241. *See Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, *unless exhaustion is excused*." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (emphasis added). Exhaustion of claims on habeas review under Section 2241 may be excused because "[t]he exhaustion requirement is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing

///

*Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018)).

Courts "may require prudential exhaustion when: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* (citing *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). Exhaustion may be waived when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing*, 370 F.3d at 1000 (quoting *S.E.C. v. G.C. George Sec., Inc.,* 637 F.2d 685, 688 (9th Cir. 1981)). Petitioner bears the burden of "demonstrat[ing] grounds for excusing the exhaustion requirement." *Leonardo*, 646 F.3d at 1161; *see also Jacinto Chacon v. Mullin*, No. 5:26-CV-03294-RAO, 2026 WL 2127177, at *4 (C.D. Cal. July 21, 2026) ("The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." (quoting *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025))).

Respondents contend that Petitioner has failed to exhaust his administrative remedies because he has bypassed appeal to the BIA. (Ans. 2-4.) The Court finds, however, that the doctrine of prudential exhaustion does not bar Petitioner's claims.

As another court in this district has recently stated:

> Upon consideration of the *Puga* factors, the Court finds that prudential exhaustion is not required in this case. First, the BIA's expertise in immigration bond decisions is not necessary to decide the legal questions at issue here—whether Petitioner's bond hearing was constitutionally adequate. *See Soriano v. Hernandez*, No. 2:26-cv-00900-DGE, 2026 U.S. Dist. LEXIS 79044, at *9 (W.D. Wash. Apr. 10, 2026) (finding the first *Puga* factor

> weighed against requiring prudential exhaustion because the BIA's expertise was not needed to address the issue of "whether, as a matter of law, the undisputed evidence presented at the bond hearing could establish that Petitioner posed a flight risk"). Second, "waiver of the prudential exhaustion requirement will not 'encourage the deliberate bypass of the administrative scheme,'" and "[a]ny risk of deliberate bypass of administrative procedures is further reduced by the fact that district courts will only have jurisdiction in the 'rare case[s]' where future plaintiffs allege a 'colorable' constitutional or legal challenge to the government's procedures." *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)). Lastly, where the Petition presents constitutional due process concerns, "the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error." *Soriano*, 2026 U.S. Dist. LEXIS 79044, at *10. Therefore, Petitioner was not required to exhaust his administrative remedies before proceeding with his Petition in this Court.

*Heboud v. Blanche*, 5:26-cv-03484-KS, 2026 WL 2494985, at *3 (C.D. Cal. Aug. 24, 2026). Furthermore, the Court notes the average processing time for bond appeals of over 200 days in 2024, and a BIA backlog of 202,946 pending appeals at the end of fiscal year 2025. *Maldonado v. Mullin*, No. 2:26-cv-05168-BFM, 2026 WL 1625355, at *2 (C.D. Cal. June 2, 2026). Here, Petitioner has gainful employment, meaningful community ties, and has already been in custody for three months. Requiring Petitioner to exhaust his appeal while continuing to be in custody given the current BIA backlog, particularly while he has a full life with gainful employment and meaningful community ties outside of custody, would cause irreparable injury. *See id.* The Court reaches the same conclusion here as in *Heboud* and *Maldonado*, and finds that under the circumstances of this case, Petitioner was not required to exhaust his administrative remedies before pursuing his constitutional claims in this Court.

**C. Respondents Forfeited Any Challenge to the Merits of Petitioner's Claim**

As stated above, Respondents' only argument in their Answer was that Petitioner must seek relief through the BIA rather than this Court. Respondents did not make any alternative argument about the merits of Petitioner's arguments. It is not the role of the courts to generate arguments for counseled parties. *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020) ("In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." (citations and quotation marks omitted)). Indeed, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* (alteration in original). The Supreme Court recently reminded the lower courts that they are "essentially passive instruments of government" and thus "points not argued will not be considered." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 342 (2026) (citations and quotation marks omitted). On the absence of any responsive opposition alone, this Court may grant the Petition.

**D. The IJ Abused His Discretion**

An IJ's determination that a detainee poses a danger to the community or a flight risk is a mixed question of law and fact that may be reviewed for abuse of discretion. *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024) (finding that *Wilkinson v. Garland*, 601 U.S. 209 (2024), "compels the conclusion that application of the 'dangerousness' standard is a reviewable mixed question"); *see Gonzalez Reyes v. Rios*, No. EDCV 26-3830 JGB (DFM), 2026 WL 2190830, at *3 n.1 (C.D. Cal. July 28, 2026) ("Although *Martinez* involved a dangerousness determination, the same rationale applies to detention decisions based on flight

risk."); *Padilla Jimenez v. Mullin*, No. 5:26-CV-03624-MBK, 2026 WL 2076496, at *3 (C.D. Cal. July 15, 2026) (stating that "the same rationale applies to detention decisions based on flight risk").

Under abuse of discretion review, the Court "cannot reweigh evidence," but instead determines whether the IJ "applied the correct legal standard." *Martinez*, 124 F.4th at 785 (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). As one Court in this district recently summarized in finding that an IJ abused his discretion by finding a similar habeas petitioner to be a flight risk:

> An immigration [court] "'abuses its discretion when its decision is arbitrary, irrational, or contrary to law,'" *Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019) (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)), or "'when it fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief.'" *An Na Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012) (quoting *Ahmed v. Holder*, 569 F.3d 1009, 1014 (9th Cir. 2009)).

*Gonzalez Reyes*, 2026 WL 2190830, at *4.

The Ninth Circuit has explained that, when determining "whether an alien is a danger to the community or a risk of flight," an IJ may consider the following factors:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Martinez*, 124 F.4th at 783; *see also Heboud*, 2026 WL 2494985, at *4. While an IJ has "broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative," *Martinez*, 124 F.4th at 784, the Ninth Circuit has also explained that an immigration agency "abuses its discretion when it fails to consider and address in its entirety the evidence submitted by a petitioner and to issue a decision that fully explains the reasons for [the decision]." *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (internal quotations omitted).

The Court finds that the IJ abused his discretion in finding that Petitioner failed to show he was not a flight risk. At Petitioner's bond hearing, the IJ took notice of BIA decisions "highlighting the need for a fixed address, ties to the community, sponsorship included[, and] some showing that relief is not more than speculative," and then denied bond. (Ans. Ex. A, at 7.) This determination was both "arbitrary, irrational, [and] contrary to law," *Pleitez-Lopez*, 935 F.3d at 719 (quotation omitted), and "fail[ed] to state its reasons and show proper consideration of all factors when weighing equities and denying relief," *An Na Peng*, 673 F.3d at 1253 (quotation omitted). The IJ provided no application of the facts presented at the bond hearing to the factors he recited. Indeed, in a direct application of the IJ's factors, Petitioner's counsel provided evidence of a fixed address, ties to the community, and sponsorship by a U.S. Citizen, none of which was contested at the bond hearing and none of which Respondent presently contests.

The IJ also relied on the fact that the proposed immigration relief sought by Petitioner is "speculative." (Pet. Ex. A, at 7.) "Although an immigration judge may consider the likelihood of receiving relief based on specific facts presented in a particular case, the judge here did not explain how the relative strengths or weaknesses of Petitioner's claims for relief outweighed the specific circumstances presented in this case." *Gonzalez Reyes*, 2026 WL 2190830, at *5 (citing *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (BIA 2020); *see also Soriano v. Hernandez*,

830 F. Supp. 3d 1071, 1081 (W.D. Wash. 2026) (finding that, while it might be rational to infer "that a noncitizen who likely faces inevitable removal may be less likely to appear at future removal hearings . . . based on the specific facts presented in a particular case, the IJ did not explain how the relative strengths or weaknesses of Petitioner's claims for relief outweighed the specific circumstances presented in this case"). The IJ did not explain why Petitioner's claim was speculative, much less explain how the weakness of that claim outweighed the strong positive factors of gainful employment and community ties, such that Petitioner should be viewed as more likely to flee than to pursue his active immigration case.

The Court therefore finds that the IJ abused his discretion in finding that Petitioner failed to meet his burden to show that he was not a flight risk.

**E. <u>The Appropriate Remedy Is Release.</u>**

Having found that the IJ's decision was an abuse of discretion, the Court turns to the appropriate remedy. "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013). "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Id*. (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "Upon determining that an [immigration judge] provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release [ ] or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Gonzalez Reyes*, 2026 WL 2190830, at *6 (quoting *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (collecting cases)).

Here, the Court finds that the appropriate remedy is release. *See Gonzalez Reyes*, 2026 WL 2190830, at *7 (finding that the appropriate remedy was immediate release from custody). As the *Soriano* court stated, "[u]nder the

circumstances, the Court finds no basis for Petitioner's continued detention and concludes immediate release with reasonable conditions of supervision is the appropriate remedy." *Soriano*, 830 F. Supp. 3d at 1081; *see also Gonzalez Reyes*, 2026 WL 2190830, at *7 (ordering Respondents to immediately release petitioner "subject only to narrowly tailored conditions of release no more restrictive than necessary").

## IV. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the Petition; and
2. Respondents MUST RELEASE **Ming Wang (A 235-195-263)** from custody within 24 hours of entry of this Order, subject only to reasonable, noncustodial conditions of release designed to ensure his appearance at future immigration proceedings.

DATED: October 15, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE